UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ZUHDI AHMED

                                        Plaintiff,

-against-                                                    **COMPLAINT AND JURY
                                                             DEMAND**


CITY OF NEW YORK, MAYOR ERIC ADAMS,
DETECTIVE ADRIAN JOHNSON (Shield No. 2413),
SGT DET MATTHEW I. FROMKIN (Shield No. 3071),
FIRE DEPARTMENT OF THE CITY OF NEW YORK ("FDNY"),
CRAIG GUNDERSON, and  JONATHAN LEDERER,

                                        Defendants.
-----------------------------------------------------------------------X

## PRELIMINARY STATEMENT

        This lawsuit addresses the systemic failure of the New York City Police Department

("NYPD") and the City of New York to protect the rights of Plaintiff, a Muslim, Arab man of

Palestinian descent, and others similarly situated, to be free from religious, racial, ethnic, and

political discrimination. While this systemic failure can manifest in various ways, here it was

manifested in the arrest and prosecution of Plaintiff without probable cause, and in the

deliberate targeting of Plaintiff because of his Palestinian identity and participation in a

peaceful protest. In particular, by ignoring objective exculpatory evidence, relying instead on

fabricated accusations, and publicly parading Plaintiff in handcuffs before the press to inflame

anti-Palestinian sentiment, the individually named NYPD defendants ("NYPD Officers")

unlawfully subjected Plaintiff to discriminatory treatment, humiliation, and the deprivation of

his constitutional rights, including those guaranteed by the First, Fourth, and Fourteenth

Amendments to the United States Constitution.

        By deliberately disregarding the objective evidence that no assault or injury had

occurred—including surveillance footage, eyewitness testimony, and police body-cam footage

documenting that the complaining witness's alleged 'injuries' were uncertain, possibly pre-existing, and unrelated to Plaintiff—Defendant NYPD Officers acted without probable cause to arrest, charge, or prosecute Plaintiff. These actions were not isolated mistakes but rather the foreseeable and natural result of policies, practices, and customs of the City of New York. Specifically, the City, through the NYPD and with the approval and acquiescence of policymakers including the Mayor, has maintained a pattern of targeting individuals of Palestinian descent and those engaged in pro-Palestinian advocacy through the misuse of facial recognition technology, reliance on unsubstantiated accusations, and the public "perp-walking" of suspects to inflame media coverage. These unconstitutional practices are coupled with the City's failure to train, supervise, or discipline officers who engage in discriminatory enforcement, as well as its tacit encouragement of retaliatory actions against individuals exercising their First Amendment rights of speech, assembly, and religion. By fostering, condoning, and ratifying such conduct, the City of New York and its policymakers caused and perpetuated the violations of Plaintiff's rights, subjecting him to unlawful arrest, malicious prosecution, defamation, reputational and economic harm, and severe emotional distress.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise, *inter alia*, under federal law, under 28 U.S.C. § 1343(a), in that the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1332, as Plaintiff alleges violations of his rights under, *inter alia*, the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York in that Plaintiff's claims arose in this District, many of the Defendants' actions and omissions complained of occurred in this District.

5.  If successful, Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b).

## PARTIES

6.  Plaintiff ZUHDI AHMED is a twenty-one year old Muslim, Arab man of Palestinian descent, who is a United States citizen.

7.  Defendant CITY OF NEW YORK is a municipal entity within New York State that maintains, manages and operates NYPD as one of its municipal departments. The Mayor of the City of New York appoints the Commissioner of the NYPD.

8.  Defendant MAYOR ERIC ADAMS, is responsible for overseeing the policies, practices, and customs of the NYPD and for approving, condoning, or failing to prevent the unconstitutional actions and discriminatory practices at issue in this case.

9.  Defendant DETECTIVE ADRIAN JOHNSON (Shield No. 2413) is a Detective 3rd Grade assigned to the NYPD Hate Crimes Unit since March 18, 2024. At all relevant times, he acted under color of law and within the scope of his employment.

10. Defendant SGT DET MATTHEW I. FROMKIN (Shield No. 3071) is a Sergeant Detective assigned to the NYPD Hate Crimes Unit since July 8, 2017. At all relevant times, he acted under color of law and within the scope of his employment.

11. Defendant FIRE DEPARTMENT OF THE CITY OF NEW YORK ("FDNY") is a municipal emergency services agency of the City of New York. At all relevant times, the individually named FDNY employees acted under color of law and within the scope of their employment.

3

12. Defendant CRAIG GUNDERSEN is a former Fire Marshal employed by the FDNY. At all relevant times, he acted under color of law and within the scope of his employment. He is responsible for carrying out, supervising, and enforcing the policies, practices, and customs of the FDNY and for approving, condoning, or failing to prevent the unconstitutional actions and discriminatory practices at issue in this case.

13. Defendant JONATHAN LEDERER is a twenty-three-year-old Columbia University student who acted as a counter-protester, yelling at demonstrators, including Plaintiff. Defendant JOHNATHAN LEDERER filed a complaint against Plaintiff in which he exaggerated and misrepresented the events, alleging assault and other misconduct, which contributed to Plaintiff's unlawful arrest, detention, and reputational harm.

## STATEMENT OF FACTS

14. On or about April 20, 2024, Plaintiff ZUHDI AHMED, a Palestinian-American, was lawfully attending a scheduled jazz event on the campus of Columbia University in Manhattan. Mr. Ahmed subsequently approached a nearby peaceful demonstration opposing the mass killings of civilians in Gaza, solely to observe and exercise his First Amendment rights of free speech and assembly. At no point did Mr. Ahmed engage in any unlawful or violent conduct.

15. Despite his entirely lawful behavior, Mr. Ahmed was falsely accused by Defendant JONATHAN LEDERER, a counter-demonstrator with a known history of targeting pro-Palestinian voices. Lederer alleged that Mr. Ahmed had threatened and assaulted him in a purported hate-motivated incident. These accusations were entirely fabricated, unsupported by video evidence, eyewitness testimony, and medical documentation. In fact, the complaining witness falsely claimed injury based on what

was later revealed to be questioned to be a pre-existing long-term acne condition, not any harm caused by Mr. Ahmed.

16. In deliberate violation of Mr. Ahmed's constitutional rights—including the First, Fourth, and Fourteenth Amendments—the New York City Police Department (NYPD), in apparent coordination with Columbia University, the Fire Department of New York (FDNY), and other institutional actors, unlawfully deployed facial recognition and artificial intelligence technologies to identify and target Mr. Ahmed. This illegal surveillance was conducted without a warrant or any lawful basis, constituting a gross infringement on Mr. Ahmed's privacy and civil liberties, and directly resulted in the issuance of an arrest warrant.

17. On June 3, 2024, at approximately 6:28 p.m., Defendant ADRIAN JOHNSON (Badge No. 2413) sent a text message to Plaintiff ZUHDI AHMED's father, inquiring about the alleged incident. This communication demonstrates that law enforcement had direct access to Plaintiff's family prior to his arrest and raises serious concerns about the manner and purpose of the investigation and notably the unnecessary and harmful perp-walk. This was the family's and Plaintiff ZUHDI AHMED'S first introduction to the charges.

18. On June 12, 2024, at or around 6:00 a.m., NYPD officers came to Plaintiff's residence. Plaintiff's father answered the door. The officers stated only that an I-Card had been issued for Plaintiff ZUHDI AHMED and that it would be better for him to surrender himself. Plaintiff's father informed them that counsel had already spoken to Detective Johnson and arranged Plaintiff's voluntary surrender. The officers then left the premises. This sequence of events further demonstrates that Plaintiff was cooperative at all times and that Defendants had no legitimate basis to later delay his arraignment or treat him as a flight risk.

19. On June 13, 2024, Mr. Ahmed voluntarily surrendered at approximately 6:00 a.m. that morning. Despite his immediate cooperation, he was not brought to court for arraignment until later in the day, after members of the media had gathered to capture his so-called "perp walk." This deliberate delay violated Plaintiff's due process rights and underscores the intent of the NYPD and City Defendants to publicly humiliate him in retaliation for his political expression, portraying him falsely as a dangerous criminal. Mr. Ahmed was ultimately arraigned on multiple baseless charges, including assault in the second and third degree as hate crimes, menacing as hate crimes, aggravated harassment, and criminal possession of a weapon. These charges were entirely without merit and reflected discriminatory animus toward Mr. Ahmed's Palestinian identity and political expression. The prosecution failed to produce any credible evidence, and all charges were ultimately dismissed in their entirety.

20. Following his arrest, NYPD officers paraded Mr. Ahmed in handcuffs before the media, publicly humiliating him and portraying him as a dangerous criminal. Police officials further leaked false and defamatory information to news outlets, triggering a media firestorm that irreparably harmed Mr. Ahmed's reputation and inflicted severe emotional distress.

21. As an additional consequence of these coordinated acts of retaliation and discrimination, Columbia University imposed a blanket ban on Mr. Ahmed, prohibiting him from entering any campus or affiliated facility, including Columbia Hospital. This action was taken without due process or notice.

22. As a direct and proximate result of these unlawful actions and omissions by the NYPD, FDNY, Columbia University, Jonathan Lederer, and other municipal and private actors, Mr. Ahmed suffered unlawful arrest and detention, malicious prosecution,

violations of his constitutional rights, emotional trauma, reputational damage, economic losses, and other serious and compensable harms.

23. This claim is made against the City of New York, the arresting officer and supervisor on duty, the FDNY officers who provided access to its facial recognition source, and all other responsible entities or individuals.

24. Plaintiff continues to suffer severe and lasting psychological distress, including humiliation, depression, anxiety, loss of sleep, and fear of retaliation. He has required and continues to require medical and psychological treatment to cope with the harms inflicted upon him.

25. Plaintiff has lost employment and educational opportunities, including the ability to participate in Columbia-affiliated programs, internships, and hospital access, and has been stigmatized within his community as a result of Defendants' false accusations and defamatory publications.

26. The above-described conduct reflects a coordinated effort to silence, intimidate, and punish Plaintiff for his protected political expression and to make an example of him to deter others from engaging in pro-Palestinian advocacy.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### (DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983)

27.   Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

28. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived Plaintiff ZUHDI AHMED of the rights, privileges, and immunities guaranteed to citizens of the United States by the First,

Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants, including DETECTIVE ADRIAN JOHNSON (Shield No. 2413), and SGT. MATTHEW I. FROMKIN (Shield No. 3071) (collectively, "NYPD Defendants"), in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the individual defendants pursuant to the customs, usages, policies, practices, procedures, and rules of defendant CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, policy, procedure, or rule of the respective municipality, which is forbidden by the Constitution of the United States. In particular, the NYPD Defendants unlawfully targeted Plaintiff for attending a pro-Palestinian demonstration, arrested him without probable cause, publicly paraded and humiliated him, and violated his rights to free speech, free expression, free exercise of religion, and equal protection.

33. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(FALSE ARREST/UNLAWFUL IMPRISONMENT UNDER 42 U.S.C. §**
**1983—AGAINST THE NYPD DEFENDANTS)**

34. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

35. The NYPD Defendants detained and arrested Plaintiff ZUHDI AHMED without probable cause, causing him to be deprived of his liberty against his will for a significant period of time.

36. The NYPD Defendants caused Plaintiff ZUHDI AHMED to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

## (VIOLATION OF EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983—AGAINST THE NYPD DEFENDANTS)

38. Plaintiff incorporates and reiterates each and every paragraph above as though  fully set forth herein.

39. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes, including, but not limited to, an individual's race, ethnicity, religion, and gender. Specifically, the equal protection clause states that "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

40. The NYPD Defendants denied Plaintiff ZUHDI AHMED equal protection under the law based on his race, ethnicity, religion, and political expression by targeting him for

attending a pro-Palestinian demonstration, arresting him without probable cause, publicly parading and humiliating him, and failing to conduct a proper investigation.

41. The NYPD Defendants denied Plaintiff ZUHDI AHMED equal protection under the law, based on his identity as a Muslim Arab man of Palestinian descent, by arresting him without probable cause, by arresting him with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof, and by parading him in an unnecessarily public manner.

42. The dismissive, degrading, and callous manner in which the NYPD Defendants treated Plaintiff constitutes disparate treatment, as similarly situated non-Palestinian, non-Muslim individuals exercising their right to protest would not have been treated in this manner.

43. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (VIOLATION OF FIRST AMENDMENT UNDER 42 U.S.C. § 1983— AGAINST THE NYPD DEFENDANTS)

44. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

45. The First Amendment to the U.S. Constitution prohibits governments from, *inter alia*, prohibiting the free exercise of religion. Specifically, the equal protection clause states that "Congress *shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof*; or abridging the freedom of speech, or of the

press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.." U.S. Const. Amend. I. (emphasis added).

46. Here, the NYPD Defendants violated Plaintiff ZUHDI AHMED's First Amendment rights by targeting him for attending a pro-Palestinian demonstration and publicly parading him, thereby punishing him for the content of his protected speech. The NYPD Defendants also interfered with his free exercise of religion, including his right to observe religious practices without public humiliation.

47. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983—
### AGAINST THE NYPD DEFENDANTS)

48. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

49. The NYPD Defendants had an affirmative duty to intervene on behalf of Plaintiff ZUHDI AHMED, whose constitutional rights were being violated in their presence by fellow officers.

50. The NYPD Defendants failed to prevent the unlawful conduct described herein.

51. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 -
### AGAINST THE NYPD DEFENDANTS AND FDNY
### DEFENDANTS)

52. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

53. Supervisory defendants, including both NYPD and FDNY supervisory personnel, personally caused Plaintiff ZUHDI AHMED constitutional injury by being deliberately or consciously indifferent to the rights of others, failing to properly supervise and train their subordinate employees, and allowing unconstitutional targeting of pro-Palestinian demonstrators.

54. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 – AGAINST DEFENDANT CITY OF NEW YORK)

55. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

56. The NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the New York City Police Department ("NYPD") included, but were not limited to, arresting individuals for participating in lawful political demonstrations and protests based on their Palestinian identity, Arab ethnicity, Muslim religion, and/or political expression, without probable cause, where such

individuals engaged in constitutionally protected speech and assembly, and where there was a deliberate failure to recognize the absence of probable cause for arrest, or conscious indifference to the absence of probable cause for arrest, based on the failure to investigate.

58. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the NYPD also included, but were not limited to, targeting Plaintiff for his protected political expression, retaliating against him for exercising his First Amendment rights, and failing to ensure that Muslim and Arab protestors— including Plaintiff—were afforded equal protection and not selectively policed, surveilled, or arrested based on their viewpoint, religion, or ethnicity.

59. In addition, the City of New York engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Plaintiff ZUHDI AHMED's rights, as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff ZUHDI AHMED.

61. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff ZUHDI AHMED, as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD were the moving force behind the constitutional violations suffered by Plaintiff ZUHDI AHMED, as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and NYPD, Plaintiff ZUHDI AHMED was detained and arrested without probable cause, publicly humiliated, and retaliated against for exercising his constitutionally protected rights to free speech and political expression.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ZUHDI AHMED.

65. All of the foregoing acts by defendants deprived Plaintiff ZUHDI AHMED of federally protected rights, including, but not limited to, the right to be free from seizure and arrest not based on probable cause, and the right to engage in free speech, political protest, and freedom of expression without retaliation or discriminatory targeting.

66. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## (FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 – AGAINST THE NYPD DEFENDANTS)

67. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

68. The First Amendment protects individuals from government retaliation for engaging in protected speech and expression, including participation in peaceful demonstrations and protests.

69. The NYPD Defendants targeted Plaintiff ZUHDI AHMED because of the content of his speech and expression—specifically, his attendance and participation at a pro-Palestinian protest—thereby punishing him for exercising his constitutionally protected rights.

70. By arresting Plaintiff without probable cause, publicly parading him, and coordinating with media outlets and university officials to portray him as a dangerous individual, the NYPD Defendants engaged in deliberate retaliation designed to chill his free expression and deter similar conduct.

71. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory and punitive damages, plus reasonable attorneys' fees, costs, and disbursements.

## SUPPLEMENTAL STATE LAW CLAIMS

72. Plaintiff ZUHDI AHMED duly incorporates and reiterates each and every paragraph above as though fully set forth herein.

73. Within ninety (90) days after the claim herein accrued, Plaintiff ZUHDI AHMED duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

74. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75. This action was commenced within one (1) year and ninety (90) days after the causes of action herein first accrued.

76. Plaintiff ZUHDI AHMED has duly complied with all conditions precedent to maintaining the instant action.

77. This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
### RESPONDENT SUPERIOR LIABILITY
### (NYPD DEFENDANTS)

78. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

79. At all relevant times, Defendants DETECTIVE ADRIAN JOHNSON (Shield No. 2413) and SGT DET MATTHEW I. FROMKIN (Shield No. 3071) were employees of the CITY OF NEW YORK.

80. At all relevant times, Defendants DETECTIVE ADRIAN JOHNSON (Shield No. 2413) and SGT DET MATTHEW I. FROMKIN (Shield No. 3071) were acting within the scope of their employment through their actions and omissions directed at Plaintiff ZUHDI AHMED including his unlawful arrest, detention, and public parading before the media.

81. Defendant CITY OF NEW YORK is liable to Plaintiff ZUHDI AHMED for the aforementioned acts and omissions of Defendants Defendants DETECTIVE ADRIAN JOHNSON (Shield No. 2413) and SGT DET MATTHEW I. FROMKIN (Shield No. 3071) under the doctrine of *respondeat superior*.

82. By virtue of the above, Plaintiff has suffered actual damages and is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
### (FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK
### AGAINST ALL DEFENDANTS)

83.  Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

84.  The NYPD Defendants arrested Plaintiff ZUHDI AHMED without probable cause, relying on fabricated allegations made by Defendant JONATHAN LEDERER and without conducting a reasonable investigation.

85.  Plaintiff ZUHDI AHMED was detained against his will for an extended and significant period of time and subjected to physical restraints, including handcuffing and public parading before cameras.

86.  As a result of the aforementioned conduct, Plaintiff ZUHDI AHMED was unlawfully imprisoned in violation of the laws of the State of New York.

87.  As a result of the aforementioned conduct, Plaintiff ZUHDI AHMED suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88.  The NYPD Defendants caused the wrongful arrest of Plaintiff ZUHDI AHMED. Defendant CITY OF NEW YORK is responsible under the doctrine of respondeat superior.

89.  As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL INDIVIDUAL DEFENDANTS)

90.  Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

17

91. Defendant JOHNATHAN LEDERER and the NYPD Defendants engaged in extreme and outrageous conduct towards Plaintiff ZUHDI AHMED to his detriment.

92. Defendant JOHNATHAN LEDERER and the NYPD Defendants, through their extreme and outrageous conduct towards Plaintiff, each individually demonstrated an intent to cause, or disregard of a substantial probability of causing, severe emotional distress in Plaintiff ZUHDI AHMED.

93. By fabricating false accusations of a hate crime, orchestrating Plaintiff's arrest and prosecution without probable cause, subjecting him to unconstitutional surveillance, and parading him before the media as a criminal, Defendants each demonstrated an intent to cause, or a reckless disregard of a substantial probability of causing, severe emotional distress in Plaintiff.

94. The deliberate delay of Plaintiff's arraignment until media could be present, despite his voluntary 6:00 a.m. surrender, violated his due process rights and was intended as retaliatory humiliation for his protected political expression.

95. The extreme and outrageous conduct of Defendant JOHNATHAN LEDERER and the NYPD Defendants towards Plaintiff directly caused him severe emotional distress.

96. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (VIOLATION OF EQUAL PROTECTION UNDER THE NEW YORK STATE CONSTITUTION – NYPD DEFENDANTS)

97. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

18

98. The New York State Constitution, including the equal protection clause thereof, Article 1, Section 11, and the 2024 New York State Equal Rights Amendment thereof, protects people from discrimination and unequal treatment based on, *inter alia*, race, color, ethnicity, national origin, age, disability, creed, religion, and sex.

99. Here, the NYPD Defendants violated the rights of Plaintiff ZUHDI AHMED under the New York State Constitution based on his race, ethnicity, gender, and religion.

100. The NYPD Defendants denied Plaintiff ZUHDI AHMED equal protection under the New York State Constitution, based on his identity as a Muslim, Arab man of Palestinian descent, by arresting him without probable cause, by arresting him with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof, by arresting him in an unnecessarily public manner, relying on fabricated allegations, subjecting him to unlawful surveillance, and parading him publicly as a criminal.

101. The dismissive, degrading and callous manner in which the NYPD Defendants treated Plaintiff ZUHDI AHMED constitutes discrimination and unequal treatment, as the NYPD Defendants would not have treated Plaintiff in that manner had he been a non-Palestinian, non-Arab, or non-Muslim individual. The dismissive, degrading, and callous manner in which the NYPD Defendants treated Plaintiff constitutes discrimination and unequal treatment in violation of the New York State Constitution.

102. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (VIOLATION OF FREEDOM OF RELIGION UNDER THE NEW YORK STATE CONSTITUTION – NYPD DEFENDANTS)

103. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

104. Article I, Section 3 of the New York State Constitution guarantees all people the freedom of religion without discrimination or preference.

105. Here, the NYPD Defendants denied Plaintiff ZUHDI AHMED the free exercise of his Muslim faith by targeting him, in part, because of his religion and religiously associated political expression, and in so doing, violated Article I, Section 3 of the New York State Constitution.

106. Defendants' discriminatory actions—including the decision to arrest and prosecute Plaintiff ZUHDI AHMED on fabricated hate-crime charges—constituted unequal treatment motivated by hostility to his religion and political identity.

107. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW – AGAINST NYPD DEFENDANTS)

108. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

109. Defendants violated the rights of Plaintiff ZUDHI AHMED under New York City Administrative Code § 8-801 through 8-807, the New York City Human Rights Law ("NYCHRL").

110. Defendant CITY OF NEW YORK is liable as the employer of the NYPD Defendants under New York City Administrative Code § 8-803(b).

111. Qualified immunity is not a defense to this claim.

112. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### NEGLIGENT SCREENING, HIRING AND RETENTION

113. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

114. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

115. Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the NYPD Defendants, who conducted and participated in the arrest of Plaintiff ZUHDI AHMED.

116. Defendant CITY OF NEW YORK knew or should have known, in the exercise of reasonable care, of the propensities of the NYPD Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

117. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING & SUPERVISION

118. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

119. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

120. Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the NYPD Defendants, who conducted and participated in the aforementioned acts of misconduct towards Plaintiff ZUHDI AHMED.

121. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN SEVENTEENTH CAUSE OF ACTION MALICIOUS PROSECUTION (AGAINST DEFENDANT JONATHAN LEDERER, NYPD DEFENDANTS, AND CITY OF NEW YORK)

122. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

123. Defendant JONATHAN LEDERER initiated and caused criminal proceedings to be instituted against Plaintiff ZUHDI AHMED by fabricating allegations of hate-crime assault and making false reports to law enforcement.

124. The NYPD Defendants, acting on these false claims, arrested and prosecuted Plaintiff ZUHDI AHMED without probable cause and with discriminatory animus.

125. The criminal proceedings terminated in Plaintiff's favor, with all charges dismissed for lack of evidence.

126. Defendants acted with malice in pursuing these charges, motivated by discriminatory intent against Plaintiff's Palestinian identity, Muslim faith, and political expression.

127. As a result of the foregoing, Plaintiff ZUHDI AHMED is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## JURY DEMAND

128. Plaintiff ZUHDI AHMED hereby demands a trial by jury on all issues pursuant to the

Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

**REQUEST FOR RELIEF**

WHEREOF, Plaintiff demands judgment and prays for the following relief, jointly

and severally, against the defendants:

A.   full and fair compensatory damages in an amount to be determined by a

   jury;

B.   punitive damages against the individual defendants in an amount to be

   determined by a jury;

C.   reasonable attorneys' fees and costs and disbursements of this action; and

D.   such other and further relief that this Court may deem just, equitable and

   proper.


Dated: Queens, New York
        September 11, 2025


                    Respectfully submitted,


                    Karl J. Ashanti, Esq.
                    Musa-Obregon Law,
                    P.C.
                    *Attorneys for Plaintiff*
                    ZUHDI AHMED
                    55-21 69th Street, 2nd Floor
                    Maspeth, NY 11378
                    (718) 803-1000
                    K.ashanti@musa-obregon.com